**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**
**MILWAUKEE DIVISION**

---

RYAN WISCH,

       Plaintiff,

v.                                                                            **Case No.** ___16-cv-364___

                                                                          **Demand For A Jury Trial**

CITY OF MILWAUKEE,

       Defendant.

---

## COMPLAINT

---

NOW COMES, Plaintiff Ryan Wisch (hereinafter "Plaintiff" or "Wisch"), by his attorneys, Jill M. Hartley and Erin F. Medeiros of The Previant Law Firm S.C., and for a cause of action against Defendant City of Milwaukee (hereinafter "Defendant" or "City") alleges:

### INTRODUCTION

1.  This is a civil action for damages, injunctive relief and attorney's fees pursuant to the Americans With Disabilities Act of 1990, As Amended in 2008 ("ADAAA"), 42 U.S.C. § 12101, *et seq.* and 42 U.S.C. § 1981a.

### JURISDICTION AND VENUE

2.  Jurisdiction is founded upon 28 U.S.C. § 1331 and 29 U.S.C. § 2617(a)(2) and 42 U.S.C. § 12117.

3.  Plaintiff Ryan Wisch has complied with all jurisdictional prerequisites to action under the ADAAA by timely filing a charge of discrimination with the Equal

Employment Opportunity Commission. (Exhibit A). After obtaining a probable cause determination from the Equal Employment Opportunity Commission (Exhibit B), Mr. Wisch requested and received a notice of right to sue on or about January 4, 2015 from the Civil Rights Division of the U.S. Department of Justice. (Exhibit C). Copies of these exhibits are attached hereto.

4.     Venue in this judicial district is proper by virtue of 28 U.S.C. § 1391(e) in that the alleged acts were committed in the Eastern District of Wisconsin, Plaintiff applied to a position with Defendant's Fire Department in the Eastern District of Wisconsin. Additionally, Defendant is a municipality in the Eastern District of Wisconsin.

## PARTIES

5.     Plaintiff is an adult resident of Muskego, Wisconsin. He is disabled as described below. Plaintiff applied for a Fire Cadet position with the City's Fire Department in or about October 2013. On or about July 28, 2014, the City informed Wisch that it was no longer considering him for the Fire Cadet position.

6.     Defendant City of Milwaukee is a municipality in the State of Wisconsin with headquarters at 200 East Wells Street, Milwaukee, Wisconsin.

## COUNT I. – DISCRIMINATION ON THE BASIS OF DISABILITY

7.     Wisch is disabled within the meaning of the ADAAA because of his stutter which substantially impairs his ability to speak.

8.     Plaintiff applied for a Fire Cadet position with the City's Fire Department in or about October 2013. Plaintiff was qualified to hold the position of Fire Cadet.

9.      The City learned of Wisch's disability during an oral interview examination where his stutter was readily apparent.  This disability would not prevent Wisch from performing the essential functions of the Fire Cadet position with the City.

10.      On the oral interview exam, Wisch received a score somewhere between 95 and 100.

11.      After the oral interview exam, on or about June 6, 2014, the City informed Wisch via letter that he was ranked 8 out of 62 Fire Cadet applicants.  The City indicated in said letter that Wisch and the other candidates were to participate in medical and psychological testing in July and August 2014.  The City further indicated that it would hire 13 Fire Cadets in or about September 2014.

12.      On or about July 23, 2014, Wisch attended a psychological interview with Rick C. Bauman, Ph.D. per the requirement of the City.  In his Selection Assessment, Bauman informed the City that he did not recommend Wisch for the Fire Cadet Position for only one (1) reason – Wisch's stuttering.

13.      On or about July 28, 2014, the City informed Wisch, via letter, that it was no longer considering him for the Fire Cadet position because of the results of his psychological evaluation.

14.      By such actions, Defendant engaged in intentional discrimination against Wisch with malice and reckless indifference to his federally protected rights.

15.      Such discriminatory actions caused Wisch physical and emotional distress.

16.      Defendant refused to hire Wisch for the Fire Cadet position on the basis of his disability, stuttering, and thereby violated the ADAAA, 42 U.S.C. § 12101, *et seq.*

3

## COUNT II. – DISCRIMINATION ON THE BASIS OF AN IMPAIRMENT

17.    As and for his second cause of action, Plaintiff realleges paragraphs 1 through 16 of Plaintiff's complaint as if set forth fully herein.

18.    Defendant regarded Plaintiff as having an impairment within the meaning of the ADAAA, 42 U.S.C. § 12101, *et seq.,* because of his stutter.

19.    Defendant refused to hire Plaintiff for the Fire Cadet position for which he was qualified because it regarded him as impaired in violation of the ADAAA, 42 U.S.C. § 12101, *et seq.*

20.    By such actions, Defendant engaged in intentional discrimination against Wisch with malice and reckless indifference to his federally protected rights.

21.    Such discriminatory actions caused Wisch physical and emotional distress.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

a.    Enter a judgment that Defendant violated the Americans With Disabilities Act of 1990, As Amended in 2008 ("ADAAA"), 42 U.S.C. § 12101, et seq.;

b.    Enter judgment against the Defendant and in favor of Plaintiff for prospective and retrospective monetary relief;

c.    Enter judgment against Defendant and in favor of Plaintiff for compensatory damages;

d.    Enter judgment against Defendant and in favor of Plaintiff for punitive damages, including punitive damages pursuant to 42 U.S.C. § 1981a;

e.    Order Defendant to hire Plaintiff as a Fire Cadet;

f.    Award Plaintiff the costs of this action and reasonable attorneys' fees; and

g.    Grant Plaintiff such other and further relief as the Court deems just and proper.

4

## JURY DEMAND

Plaintiff demands a jury trial on all issues of fact.


Dated this 24th day of March, 2016.


                            Respectfully submitted,

                            /s/ Jill M. Hartley
                            Jill M. Hartley (SBN: 1027926)
                            JH@previant.com
                            Erin F. Medeiros (SBN: 1097910)
                            EFM@previant.com
                            The Previant Law Firm, S.C.
                            310 W. Wisconsin Avenue, Suite 100MW
                            Milwaukee, WI   53203
                            Tel.    414-271-4500
                            Fax    414-271-6308

                            ATTORNEYS FOR PLAINTIFF